UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MARTIN RALSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>HUMAN SERVICES ADMINISTRATION OF SANTA CRUZ COUNTY, et al.,<br><br>    Defendants. | Case No. 21-cv-07845-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Ryan Martin Ralstin brings suit against a social worker for allegedly testifying falsely at a 2020 state court proceeding. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

This action will be dismissed because the main defendant is protected by witness immunity; Ralstin has failed to state any claim for relief against the remaining defendants and he has not specified which constitutional rights were violated by any defendant; and plaintiff's suit is barred by Supreme Court precedent.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Ralstin alleges that because a social worker, Anna Lubin, testified falsely in a state court proceeding in 2020, he was arrested and lost the custody of his son. (Am. Compl., Dkt. No. 8 at 3.) He also names as defendants the Human Services Administration of Santa Cruz County and Mary Bergman, another social worker. But for the reasons below, no claim has merit.

First, Lubin is immune from suit even if she testified falsely. A witness is absolutely immune from liability for testimony in earlier state or federal court proceedings even if he or she committed perjury. *See Briscoe v. LaHue*, 460 U.S. 325, 329-46 (1983) (police officer witness at trial); *Holt v. Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987) (police officer witness at probable cause hearing), cert. denied, 485 U.S. 979 (1988); *Burns v. County of King*, 883 F.2d 819 (9th Cir. 1989) (social worker preparing affidavit for use at bail revocation proceeding).

Second, Ralstin has not alleged claims against the remaining defendants, nor has he stated which specific constitutional rights were violated by any defendant. Allowing amendment would be futile; there is no plausible link between the remaining defendants and the incidents described in the complaint.

Third, because Ralstin was convicted, his section 1983 suit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars section 1983 actions for damages for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid. *Id.* at 486-487. When a state prisoner seeks damages in a section 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487. The *Heck* bar applies here because a judgment that defendants violated his constitutional rights would necessarily imply the invalidity of his convictions and sentence. The *Heck* bar can be avoided if a plaintiff can prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* Ralstin has made no showing (or even alleged) that *Heck* does not bar his case.

For all these reasons, the suit will be dismissed.

## CONCLUSION

This federal civil rights action is DISMISSED. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** February 23, 2022

_____
WILLIAM H. ORRICK
United States District Judge